# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

SAM BRADFORD, #40579                                                                           PLAINTIFF

VERSUS                                          CIVIL ACTION NO. 5:09-cv-112-DCB-MTP

CAMMIE HUTCHISON, et al.                                                                    DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Bradford, an inmate of the Mississippi Department of Corrections, filed this complaint pursuant to 42 U.S.C. § 1983. The named defendants are Cammie Hutchison and Jerry Brown of Auto Services; Trent Hutchison, President of Jefferson County Board of Supervisors; and Peter E. Walker, Sheriff of Jefferson County. On August 3, 2009, the Court entered an order [5] clarifying the named defendants and directing Plaintiff to file a written response stating how each defendant violated his constitutional rights. Plaintiff filed his response [7] on August 10, 2009. Upon review of the complaint and Plaintiff's response [7], the Court has reached the following conclusions.

Plaintiff states that he was arrested on August 31, 2003, and ultimately convicted of murder and sentenced to life in prison on February 10, 2004. Plaintiff alleges that his personal property, specifically a 1983 truck and a 1995 vehicle, were unlawfully seized by Cammie Hutchison and Jerry Brown of Auto Services. Plaintiff states that he filed an action for replevin against Hutchison and Brown of Auto Services in Jefferson County Justice Court on June 11, 2009. Plaintiff complains that both defendants and the Clerk or Justice Court Judge have not responded

to his petition for replevin. Plaintiff is arguing that Trent Hutchison, as the President of the Jefferson County Board of Supervisors, is the administrator of the county and therefore he is "required to make sure that every employed staff member[ ] of his administration perform their duties as sworn under oath," including the Clerk and Justice Court Judge of Jefferson County. *Resp.* [7], p.2. Plaintiff fails to assert any allegations against Sheriff Walker in the complaint or his response [7]. As relief, Plaintiff seeks monetary damages.

## Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal -- (i) is frivolous[1] or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since Plaintiff was granted *in forma pauperis* status, § 1915(e)(2) applies to the instant case.

After applying a liberal construction to Plaintiff's complaint and response [7], as required by *Haines v. Kerner*, 404 U.S. 519 (1972), the Court finds as follows. Plaintiff's claims regarding the deprivation of his property are time-barred by the three year statute of limitations and his complaints regarding his recent Justice Court filings do not rise to the level of a constitutional violation.

"[W]here it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915(d)." *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). There is no

---

[1]A case that is found to be legally frivolous is one that seeks to assert a "right" or address a "wrong" clearly not recognized by federal law. *See, e.g., Neitzke v. Williams*, 490 U.S. 319 (1989).

federal statute of limitations for civil rights actions. *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989) (holding that a federal court must borrow the forum state's general personal injury limitations period since there is no federal statute of limitations for civil rights actions brought pursuant to 42 U.S.C. § 1983). Therefore, this Court must borrow the general personal injury limitations period for Mississippi and apply it to the allegations of the instant civil action. *Id.* The applicable Mississippi statute of limitations period is three years. *See Gates v. Walker*, 865 F. Supp. 1222, 1230 (S.D. Miss. 1994), *aff'd*, 62 F.3d 394 (5th Cir. 1995); *see also* MISS. CODE ANN. § 15-1-49 (1972), as amended.

While Mississippi law governs the applicable limitations period, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). As such, an action accrues when a plaintiff has "a complete and present cause of action." *Id.* As noted by the Fifth Circuit:

> Under federal law, the limitations period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured. A plaintiff's awareness encompasses two elements: (1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions. A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim. Actual knowledge is not required if the circumstances would lead a reasonable person to investigate further.

*Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (internal quotations and citations omitted); *see also Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008) (citing *Piotrowski, supra*). Finally, the federal court should also give effect to the forum state's applicable tolling provisions. *Rodriguez v. Holmes*, 963 F.2d 799, 803 (5th Cir. 1992). The State of Mississippi does not provide a tolling provision for incarceration.

The deprivation of Plaintiff's property occurred sometime between Plaintiff's arrest on August 31, 2003, and his conviction on February 10, 2004. Thus, it is clear that at the very latest date of February 10, 2004, Plaintiff was aware of his injury and the connection between the injury and the Defendants' alleged conduct. *Piotrowski*, 237 F.3d at 576. Therefore, giving Plaintiff the benefit of the later date, the limitation period expired on February 10, 2007. Plaintiff's claims for the unlawful seizure of his 1983 truck and 1995 vehicle accrued more than three years prior to filing the present action on July 6, 2009, and are time-barred. Therefore, Plaintiff cannot maintain the instant civil action for the deprivation of his property.[2]

In addition, Plaintiff cannot proceed with the claims presented against Trent Hutchison as the President of the Jefferson County Board of Supervisors. The Jefferson County Justice Court's failure to process Plaintiff's replevin suit as quickly as he desires, does not amount to a constitutional deprivation.[3] *See Baker v. McCollan*, 443 U.S. 137, 140 (1979) (first inquiry in any civil rights action is whether the complainant has been deprived of a federally protected right, without such deprivation relief is not available under 42 U.S.C. § 1983); *see also Victoria W. v. Larpentar*, 369 F.3d 475, 482 (5th Cir. 2004)(first element to establish § 1983 claim is deprivation of a right secured by federal law). Furthermore, to the extent Plaintiff is claiming that Trent Hutchison is the employer or supervisor of Jefferson County Justice Court employees, he cannot be held liable in this suit for the actions of an employee under a *respondeat superior* theory of liability. *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978) (supervisory officials

---

[2]The Court finds it unnecessary to determine if Cammie Hutchinson and Jerry Brown are "state actors" for purposes of § 1983. Regardless of who is responsible for the deprivation of Plaintiff's property, the deprivation occurred more than three years prior to this case being filed.

[3]The Court notes that Plaintiff states he filed his replevin action on June 11, 2009, and he filed this case on July 6, 2009.

4

cannot be held vicariously liable for their subordinates' actions under § 1983). In sum, Plaintiff has failed to assert allegations against defendant Trent Hutchison that rise to the level of a constitutional deprivation.

As noted above, Plaintiff has failed to assert any allegations against Sheriff Walker. Although the Court must liberally construe a *pro se* litigant's pleadings, this does not allow the Court to consider unpled facts. *See McFadden v. Lucas*, 713 F.2d 143, 147 n.4 (5th Cir. 1983) (citing *Slotnick v. Staviskey*, 560 F.2d 31, 33 (1st Cir. 1977)). A *pro se* litigant must set forth facts giving rise to a claim on which relief may be granted. *Levitt v. University of Texas at El Paso*, 847 F.2d 221, 224 (5th Cir.), *cert. denied*, 488 U.S. 984 (1988). To the extent Plaintiff may be attempting to claim that Sheriff Walker was involved in the deprivation of his property, as explained above, that claim is barred by the statute of limitations.

## Conclusion

As discussed above, it is clear that Plaintiff's claims alleged in the instant civil action are either barred by the statute of limitations or fail to rise to the level of a constitutional deprivation. Therefore, Plaintiff's complaint is without an arguable basis in law or fact. Consequently, this complaint is dismissed with prejudice, as frivolous, pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i).

Since this case is dismissed pursuant to the above mentioned provisions of the Prison Litigation Reform Act, it will be counted as a "strike".[4] If Plaintiff receives "three strikes" he

---

[4] 28 U.S.C. § 1915(g) states:
In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

5

will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

**SO ORDERED AND ADJUDGED** this the ___15th___ day of October, 2009.

                                             s/ *David Bramlette*
                                             UNITED STATES DISTRICT JUDGE