# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

SAM BRADFORD, #40579                                                           PLAINTIFF

VERSUS                                          CIVIL ACTION NO. 5:09-cv-112-DCB-MTP

CAMMIE HUTCHISON, et al.                                                      DEFENDANTS

## ORDER DENYING PLAINTIFF'S MOTION
## FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(b)

BEFORE THE COURT is Plaintiff's Motion [10, 13] for Relief from Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.[1]  Plaintiff, a prisoner proceeding *pro se*, moves the Court to reconsider the Memorandum Opinion [8] and Final Judgment [9] of dismissal entered on October 16, 2009.  Having considered the issues raised in the motion, the Court finds that the motion is not well-taken and should be denied.

A party seeking relief under Rule 60(b) must show:  (1) mistake, inadvertence, surprise, or excusable neglect;  (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);  (3) fraud, . . . misrepresentation, or other misconduct by an opposing party;  (4) the judgment is void;  (5) the judgment has been satisfied . . .;  or (6) any other reason that justifies relief.  FED. R. CIV. P. 60(b). "A motion filed pursuant to Rule 60(b) requires a showing of 'extraordinary circumstances.'" *Munoz v. Fortner*, 308 Fed. App'x 816, 818 (5th Cir. 2009)(citing *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir.2002)).

---

[1] Plaintiff's Motion [10] filed on November 13, 2009, failed to contain an original signature.  The Court entered an Order [12] advising the Plaintiff of this deficiency and he filed his signed Motion [13] on December 1, 2009.

Plaintiff does not assert any of the grounds required by Rule 60(b). Plaintiff is merely expressing his disagreement with the ruling of the Court and reasserts some of the same arguments he presented in his complaint. After thorough consideration of the motion submitted, the entire court record and relevant case law, the Court has determined that Plaintiff has failed to provide justification for altering the previous ruling of the Court. *See generally Haygood v. Quarterman*, 2008 WL 3244144, at *3-4 (5th Cir. 2008). Therefore, the Plaintiff's Motion for Relief from Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure is not well-taken and will be denied. Accordingly, it is,

ORDERED that Petitioner's Motion [10, 13] for Relief from Judgment pursuant to Rule 60(b) is **denied.**

SO ORDERED this the ___7th___ day of December, 2009.


                                         ___s/ David Bramlette___
                                         UNITED STATES DISTRICT JUDGE